UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY PAYNE, #193531,

    Petitioner,

v.                                    CASE NO. 14-CV-14903
                                        HONORABLE GEORGE CARAM STEEH

THOMAS WINN,

    Respondent.
_____/

## ORDER DENYING MOTION TO STAY PROCEEDINGS
## AND HOLD HABEAS PETITION IN ABEYANCE

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Jeffrey Payne ("petitioner") asserts that he is being held in violation of his constitutional rights. The petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a bench trial in the Wayne County Circuit Court. He was sentenced to consecutive terms of 15 to 30 years imprisonment and two years imprisonment in 2011. In his current petition, he raises claims concerning the great weight of the evidence and the denial of a new trial motion. The respondent has not yet filed an answer to the petition, but that answer is due on August 25, 2015. The matter is before the Court on the petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he may return to the state courts and exhaust additional issues concerning prosecutorial misconduct and the effectiveness of trial and appellate counsel. For the reasons that follow, the Court denies the petitioner's motion.

**II.**

The petitioner's convictions arise from his armed robbery of another man in Wayne County, Michigan on June 26, 2011. Following sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals raising the claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions and sentences. People v. Payne, No. 308357, 2013 WL 2420987 (Mich. Ct. App. June 4, 2013) (unpublished). The petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. People v. Payne, 495 Mich. 913, 840 N.W.2d 342 (Dec. 23, 2013). The petitioner dated his federal habeas petition on December 19, 2014. He dated the instant motion on August 6, 2015.

**III.**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the

Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." Id. at 277.

The petitioner has not shown the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), will preclude review. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, see Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); Lawrence v. Florida, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on December 23, 2013 and the time for seeking a writ of certiorari with the United States Supreme Court expired on March 22, 2014. The petitioner dated his federal habeas petition on December

19, 2014. Thus, just under nine months of the one-year period had expired when the petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. See, e.g., Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-221 (2002). Given that three months of the one-year period remains, the petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, the petitioner has not shown good cause for failing to fully and properly exhaust his additional issues in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse the petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education, ignorance of the law, and/or the lack of legal assistance do not constitute good cause for the failure to exhaust state remedies. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004); Kint v. Burt, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).

Lastly, the petitioner states that he seeks to exhaust additional claims concerning prosecutorial misconduct and the effectiveness of trial and appellate counsel, but he does not provide much detail about those claims. While such claims generally concern matters

-4-

of federal law, the Court cannot determine whether they are plainly meritless based upon the petitioner's pleadings. Given such circumstances, a stay is unwarranted.

## IV.

Accordingly, the Court **DENIES** the petitioner's motion to stay the proceedings and hold his habeas petition in abeyance. Should the petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS SO ORDERED.**

Dated: August 20, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 20, 2015, by electronic and/or ordinary mail and also on Jeffery Payne #193531, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk